OPINION OF THE COURT
Memorandum.
Having determined that the zoning board of appeals could no longer meet in closed session to deliberate on the evidence adduced at a public hearing on a variance application, the Mayor sought to remove the petitioners from office for "willfully and intentionally” disregarding the mandate of the newly enacted Open Meetings Law (L 1976, ch 511, eff Jan. 1, 1977). It is clear from the record, however, that the petitioners had met in executive session not in defiance of settled law but *927 rather in the good faith belief that the proceeding was "quasi-judicial” in nature and was therefore exempt under the new law (Public Officers Law, §98, subd [a]). As was found by Special Term the board’s action was taken only after concluding that their right to deliberate in private remained intact under that exemption. The petitioners’ good faith was further exemplified by their continued efforts after the contested meeting to obtain legal opinions by the Attorney-General, the Corporation Counsel and the committee on public access to records regarding the legality of their action.
Under these circumstances we agree with the Appellate Division that the element of willfulness or wanton disregard for the new law’s mandate found by the Mayor was totally unsupported. For this reason it is unnecessary at this time to reach the broader issues presented under the "quasi-judicial” exemption of the Open Meetings Law.
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.